## IN RE APPLICATION FOR DISCIPLINE OF WENDELL Y. HENNING.

201 N. W. 2d 208.

September 1, 1972—No. 43561.

*R. B. Reavill,* Administrative Director on Professional Conduct, for petitioner.

*Wendell Y. Henning,* pro se, for respondent.

PER CURIAM.

The above matter comes before the court upon a petition of the administrative director on professional conduct, filed at the direction of the State Board of Professional Responsibility, for disciplinary action against Wendell Y. Henning, an attorney at

law of the state of Minnesota. This matter was submitted upon a stipulation waiving the appointment of a referee, the filing of briefs, and oral argument, together with an answer filed by respondent which substantially admits the allegations of the petition.

There is no claim of fraud or misappropriation of clients' money involved in this proceeding. The charges relate entirely to neglect on the part of respondent in completing legal matters entrusted to him within a reasonable time.

Respondent was a part-time judge of the St. Cloud Municipal Court since 1936. During his tenure in office, the work of that court increased to the point where it became practically a full-time job. As a result, in taking care of his judicial duties he neglected legal matters that were entrusted to him as an attorney. While we do not condone the actions of respondent in neglecting legal matters which he should not have accepted unless he had time to take care of them, complaints of this kind until recently were not always made the basis for charges for disciplinary actions. Attorneys have now been advised by the administrative director on professional conduct that neglect in disposing of legal matters which are accepted is a violation of the code of professional responsibility adopted by this court, and that disciplinary action will be taken on matters of that kind in the future.

Since the charges relate solely to his dilatory tactics in his private practice, and since respondent is now a full-time county judge and as such precluded from practicing law, as long as he continues to serve as such judge he will not again fall into the same errors as form the basis of the charges brought against him. Consequently, we are of the opinion that in the light of all of the facts a severe censure of the dilatory manner in which respondent handled legal matters formerly entrusted to him is sufficient, in the light of extenuating circumstances, to accomplish the disciplinary action that we feel is necessary. At the same time, we again state for the benefit of the bar that neglect in disposing of legal matters accepted will in the future be con-

sidered a violation of the code of professional responsibility. Attorneys should not accept more work than they can handle. They should either decline to accept the work or they should procure whatever help is necessary to handle it properly.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.